[No. 20724.  Department One.  November 15, 1927.]

THEODORE JOHNSON, *Appellant*, v. GLEN E. WILSON, *as
Administrator of the Estate of F. K. Robinson,
Deceased, et al., Respondents.*[1]

[1] MARSHALING ASSETS (1, 2)—RIGHTS OF PARAMOUNT CREDITOR—
EVIDENCE OF RIGHT—SUFFICIENCY.  The burden of proof rests
upon a creditor, asking a marshaling of assets, to show that the
rights of his co-creditor will not be endangered or injuriously
affected; and is not sustained, in an action to determine the
title to a promissory note, assigned by an insolvent as security
for indebtedness and adversely claimed, also, by a bank holding
other collateral security, where, in neither the pleadings or at
the trial, a marshaling of assets was suggested or timely brought
into the case, and no evidence was offered to show the value or
marketability of the bank's other collateral, or negativing possi-
ble prejudice to the bank, if compelled to first exhaust such
other collateral.

Appeal from a judgment of the superior court for
King county, Beals, J., entered May 5, 1927, upon find-
ings in favor of the defendant, in an action to fore-
close a mortgage, tried to the court.  Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,*
for appellant.

*Roberts & Skeel, Glen E. Wilson,* and *Kerr, McCord
& Ivey,* for respondents.

PARKER, J.—The plaintiff, Johnson, commenced this
action in the superior court for King county seeking to
be adjudged the owner of a six thousand dollar nego-
tiable, promissory note and a mortgage upon real
property in that county securing the same, executed
and delivered by the Celian Building Company to F. K.
Robinson, now deceased, claiming ownership of the
note and mortgage by virtue of an assignment thereof

[1]Reported in 261 Pac. 102.

from Robinson during his lifetime, evidenced only by blank endorsement upon the note and an unrecorded assignment of the mortgage; Johnson, at the time of the assignment, leaving the note and mortgage with Robinson for collection.

The bank, as well as Wilson as administrator of the estate of Robinson, was made a defendant because of its claim to the note as security for indebtedness owing to it by Robinson, he having transferred and delivered the note to the bank as such security after having so assigned it to Johnson, and before its maturity.

During the trial, it appeared that the bank had other notes, payable to Robinson, which had also been transferred and delivered by him to the bank as security for the indebtedness owing by him to the bank. There was nothing in the pleadings indicating that Johnson was claiming any marshaling of the securities held by the bank; but, at the conclusion of the trial, all of the evidence having been introduced, all parties having rested, and the court having announced its decision upholding the bank's right to hold the Celian note as security for the Robinson indebtedness and upholding Johnson's title to the note subject to the bank's security right thereto, Johnson then for the first time asked the court to require the bank to first exhaust its other securities before subjecting that note to the satisfaction of any portion of the Robinson indebtedness, and thus marshal the securities held by the bank, to the advantage of Johnson.

The court then rendered its formal judgment awarding the Celian note to the bank as an innocent holder thereof, for value, as security for the Robinson indebtness, sustaining Johnson's title to the note subject to the bank's security right therein, and expressly refusing to award any marshaling of the securities, as asked for by Johnson. Johnson has appealed only from that

part of the judgment refusing to award in his favor the marshaling of the securities held by the bank. There is no other appeal in this case, though there were other parties to the action against whom the judgment ran, touching the ownership of the Celian note. So our only problem here presented is, did the trial court err in refusing to award the marshaling of the securities in the hands of the bank, as asked for by Johnson.

[1] The case was not tried upon any disclosed issue of marshaling of securities; the issues upon the trial being only as to the ownership of the Celian note and mortgage as between the plaintiff, Johnson, and the several defendants. When Johnson asked for a marshaling of the securities, he did so upon the evidence as then appearing, it having only incidentally appeared during the trial that the bank held other securities than the Celian note as security for the Robinson indebtedness. Johnson did not ask to introduce any further evidence in support of his claimed right to the marshaling of the securities. It appeared that there was then owing to the bank upon the Robinson indebtedness approximately eight thousand five hundred dollars. As security therefor, the bank held, not only the six thousand dollar Celian note, but also eight additional notes of other persons and corporations, payable to Robinson, which had been assigned by Robinson to the bank, aggregating in face value approximately nine thousand dollars, making the face value of all of the securities held by the bank as collateral to the Robinson indebtedness, approximately fifteen thousand dollars.

There is no evidence of the maturing dates of these additional notes, no evidence of their being marketable at any fair sale value, no evidence of the efforts which would be required to collect or otherwise realize upon them, and no evidence negativing possible prejudice to the rights of the bank by compelling it to first ex-

haust them before looking to the Celian note in satisfaction of the Robinson indebtedness. Had the claimed marshaling of securities been made by Johnson, as an alternative to his absolute recovery of the Celian note, by pleadings or otherwise, prior to or even during the trial, so as to timely bring that question into the case, we would now, no doubt, be much more enlightened as to whether or not the marshaling of the securities, as asked for by Johnson, would work to the material prejudice of the bank. As it is, the evidence furnishes practically no light upon that question; and besides, plainly shows that neither the bank nor Wilson, as administrator of the estate of Robinson, had any opportunity, or was called upon, to introduce evidence negativing Johnson's claim of marshaling the securities.

The burden of showing conditions calling for marshaling securities is upon him who seeks the benefit thereof. In the text of 18 R. C. L. 462, it is well stated that,

"The creditor who asserts the equity to marshal securities must show that the right of his co-creditor will neither be endangered nor injuriously delayed."

See, also, 2 Story's Equity Jurisprudence (14th ed.), § 853; 38 C. J. 1368, 1382; *Sowell v. Federal Reserve Bank*, 294 Fed. 798. Observations made in our decision in *Moyses v. Bell*, 62 Wash. 534, 114 Pac. 193, are in harmony with these authorities, though we do not cite that decision as being exactly in point here.

We have assumed, only for the purpose of argument, that Johnson and the bank stand in the relation to each other as common creditors of a common debtor, the estate of Robinson. Apparently, they are not such common creditors in the strict sense, for Johnson's claim is not that of a creditor but that of an owner of the note, while the claim of the bank is that of a

creditor holding the note as security. These facts may or may not be an insurmountable impediment to the right of Johnson to have any marshaling of the securities held by the bank, in view of the general rule that marshaling of securities can be successfully invoked only as between common creditors of a common debtor. 38 C. J. 1373. However, we need not here decide as to whether or not Johnson's marshaling rights would, by analogy, be the same as a strictly common creditor. Nor do we express any opinion touching the possible prejudice to the rights of Wilson as administrator of the insolvent estate of Robinson that might result from a marshaling of the securities, as asked for by Johnson.

We are of the opinion, viewing the problem from all angles of the claimed right of Johnson to have these securities marshaled to his advantage, that he has not, as against the bank, sustained the burden of showing conditions entitling him to such right, and that, therefore, the judgment of the trial court denying to him such claimed right should be affirmed. It is so ordered.

MACKINTOSH, C. J., MITCHELL, FRENCH, and TOLMAN, JJ., concur.