### HUMPHREY et al. v. JONES et al.
#### No. 12452.

Court of Civil Appeals of Texas. Fort Worth.
April 25, 1931.

Rehearing Denied June 6, 1931.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellants.

Harry Bunnenburg and Milburn E. Nutt, both of Wichita Falls, for appellees.

DUNKLIN, J.

On February 15, 1926, Dr. H. A. Waller bought from J. W. Akin 145 acres of land adjoining the city limits of Wichita Falls, for a total consideration of $11,345, in addition to a conveyance by Waller and wife to Akin of another tract of 488 acres of land. The money consideration included the assumption by Waller of an outstanding note payable to C. F. Seibold, of date July 27, 1922, executed by J. W. Akin and secured by a deed of trust of even date on the tract above noted for the principal sum of $6,500, with accrued interest thereon in the sum of $281.64. The consideration also included two promissory notes given by Waller to the grantor, one for $600, payable on or before May 1, 1926, and another for the sum of $3,963.35, due on or before January 1, 1928, both of which notes bore interest at the rate of 6 per cent. per annum, and were secured by a vendor's lien on the land conveyed. On October 30, 1926, H. A. Waller, joined by his wife, Florence Waller, executed a deed of trust on the same tract of land to Mrs. Annie L. Witcher, guardian of the estate of Frances Ann Saunders, a minor, in which Leslie Humphrey was named as trustee, for the principal sum of $14,000, of even date with the deed of trust, due two years after date, bearing interest from date at the rate of 10 per cent. per annum, payable semiannually, with the usual 10 per cent. attorney's fees clause, and with the further provision that failure to pay any installment would give the holder the option to declare the whole note due. Following the recital of that note are these provisions:

"The note hereinabove described, secured by this deed of trust, represents a renewal and extension of one certain note in the principal sum of Six Thousand Five Hundred ($6500.00) Dollars dated July 27th, A. D. 1922, executed by J. W. Akin and wife payable to C. F. Seibold, shown by deed of trust of even date therewith, executed by Fred T. Couper, Trustee, and the holder of the note secured by this deed of trust is subrogated to all of the rights, equities and liens given to secure the payment of said note of $6500.00.

"The grantors herein, towit, H. A. Waller and wife, Florence Waller, contemplate platting and subdividing the above described lands for sale of town lots, which town lots shall be subdivided in accordance with plat of forty acres thereof, a copy of which plat is this day delivered to the beneficiary herein, and said grantors contemplate making additional plat of the remainder of said lands. It is agreed that the grantors may, with the consent of the trustee and beneficiary herein, plat said lands and make sales of lots on the lands already platted, as well as the additional lots on the lands hereafter to be platted, but the proceeds from the sale of said lots, towit: the cash bonus and installments shall be deposited to the credit of the beneficiary herein in the savings account in the City National Bank, of Wichita Falls, Texas, and shall be held as additional security to this loan, and when said lot, or lots, have been fully paid for, and said funds are deposited to the credit of the beneficiary herein, in the savings account in the City National Bank of Wichita Falls, Texas, the said beneficiary and trustee shall release this lien as to said lot, or lots, so paid out, but this lien shall thereupon attach to said funds so deposited in said bank aforesaid, and it is provided herein that no lots shall be sold upon a basis of less than Five Hundred ($500.00) Dollars per acre, and in default of the payment of the indebtedness secured hereby, the said beneficiary and trustee shall be and are hereby authorized to withdraw from said bank the funds so deposited hereunder and apply the same upon this indebtedness. But until a release is actually executed and delivered as to said lot or lots so sold, this lien shall continue as a first lien as to all of said lots.

"The grantors herein may retain from the sale of said lots a sum equal to ten per centum of the purchase price, to be used as commissions and advertising for the sale of said lots, which said ten per cent. shall not be subject to this lien. Provided, however, that said beneficiary and trustee herein may release from the sale of said lots, and the proceeds thereof, funds for the improvement and platting of additional lands, so that the streets may be graded, improvements placed thereon preparatory to the sale of such lots, but there shall always remain against the purchase price of each lot at least the sum of Two Hundred ($200.00) Dollars. But this provi-

sion shall not have the effect of a release of said lot or funds until a release thereof has been actually executed and delivered as aforesaid."

The deed of trust contained a further provision that, in the event default in the payment of any of the indebtedness occurred, the trustee would be authorized, at the request of the payee or any holder of the note, to sell the land to the highest bidder at public auction after advertising the sale, and execute deed of conveyance thereto with warranty of title, with a further provision that the proceeds of the sale should be applied as follows:

"First, to the payment of all necessary costs and expenses incident to the execution of said trusts, including a fee to the trustee of five per cent. to be estimated upon the amount realized at said sale. Second, to the payment rateably of said note then unpaid principal and accrued interest (it being understood that when default shall be made in the payment of said note, or any installment of interest thereon, or a failure to pay any taxes assessed upon said property, after the same becomes by law delinquent, all of the indebtedness shall become at once due and payable at the option of the holder thereof.) Third, the remainder, if any there shall be after the payment of all said costs and expenses and the principal and interest of said note, shall be paid to us, the said H. A. Waller and wife, Florence Waller, or to our heirs, assigns or legal representatives."

Mrs. Annie L. Witcher at the time was the duly appointed and qualified guardian of the estate of Frances Ann Saunders, a minor, and W. C. Witcher was her husband.

In July, 1926, prior to the execution of that deed of trust, H. A. Waller had prepared a proposed plat of land showing a subdivision in lots and blocks to be known as "Inglewood Place" to Wichita Falls, and after advertising the sale, he, during the month of July, had executed contracts of sale to several proposed purchasers of different lots in the proposed addition, a small cash consideration being paid at the time, and the balance payable in monthly installments. The proposed plat was later executed and acknowledged by Waller on November 30, 1926, and was duly filed for record in the plat records of Wichita county on December 1, 1926. The plat covered 40 acres of the 145-acre tract, and plaintiffs' lots were shown in that plat. On the 9th day of April, 1927, Waller and wife executed another deed of trust in favor of Annie L. Witcher, guardian of the estate of Frances Ann Saunders, on the same tract of land, describing it by metes and bounds as in the former deed of trust, with certain exceptions hereinafter noted, to secure the payment of a promissory note for the principal sum of $24,000, of even date, bearing interest at the rate of 10 per cent. per annum payable annually, due two years after date, with the 10 per cent. attorney's fee clause, and a provision that default in the payment of any installment would give the holder the right to declare the whole debt due. Following a description of the note, the deed of trust contained these provisions:

"The note hereinabove described, secured by this deed of trust, represents a renewal and extension of one certain note of the principal sum of six thousand five hundred ($6,500.00) dollars dated July 27, A. D. 1922, executed by J. W. Akin and wife, payable to C. F. Seibold, shown by deed of trust of even date therewith, executed to Fred T. Couper, trustee and the holder of the note secured by this deed of trust is subrogated to all of the rights, equities and liens given to secure the payment of said note of $6,500.00.

"The note hereinabove described also represents a renewal and extension of two certain promissory notes, executed by H. A. Waller, payable to the order of J. W. Akin, dated February 15, 1926, one in the principal sum of six hundred ($600.00) dollars and the other in the principal sum of three thousand nine hundred sixty-three & 35/100 dollars ($3,963.35), fully described in a deed from J. W. Akin to H. A. Waller, recorded in volume 246, page 321 deed records of Wichita County, Texas.

"The note secured by this deed of trust is also an extension and renewal of a certain indebtedness in the principal sum of fourteen thousand ($14,000.00) dollars secured by deed of trust dated October 30, 1926, and recorded in volume 72, page 499–500 deed of trust records Wichita County, Texas, and the holder of this indebtedness is subrogated to all of the rights, liens and equities given to secure the above described note of which this note represents a renewal and extension.

"The grantors herein, towit, H. A. Waller and wife, Florence Waller, contemplate platting and subdividing the above described lands for sale of town lots, which town lots shall be subdivided in accordance with plat of forty acres thereof which plat was filed in the office of the county clerk of Wichita County, Texas, on December 1, 1926, and said grantors contemplate making additional plats of the remainder of said lands. It is agreed that the grantors may, with the consent of the trustee and beneficiary herein, plat said lands and make sales of lots on the lands already platted as well as the additional lots on the lands hereinafter to be platted, but the proceeds from the sale of said lots, towit, the cash bonus and installments shall be deposited to the credit of the beneficiary herein in the savings account in the City National Bank of Wichita Falls, Texas, and shall be held as additional security to this loan and when said lot or lots have been fully paid for, and said funds are deposited to the credit of the beneficiary herein, in the savings account in

the City National Bank of Wichita Falls, Texas, the said beneficiary and trustee shall release this lien as to said lot or lots so paid out, but this lien shall thereupon attach to said funds so deposited in said bank aforesaid, and it is provided herein that no lots shall be sold upon a basis of less than five hundred ($500.00) dollars per acre and in default of the payment of the indebtedness secured hereby the said beneficiary and trustee shall be and are hereby authorized to withdraw from said bank the funds so deposited hereunder and apply the same upon this indebtedness. But until a release is actually executed and delivered as to said lot or lots so sold, this lien shall continue as a first lien as to all of said lots.

"The grantors herein may retain from the sale of said lots a sum equal to ten per centum of the purchase price to be used as commissions and advertising for the sale of said lots, which said ten percent shall not be subject to this lien. Provided, however, that said beneficiary and trustee herein may release from the sale of said lots, and the proceeds thereof, funds for the improvement and platting of additional lands so that the streets may be graded, improvements placed thereon preparatory to the sale of such lots, but there shall always remain against the purchase price of each lot at least the sum of two hundred ($200.00) dollars. But this provision shall not have the effect of a release of said lot or funds until a release thereof has been actually executed and delivered as aforesaid."

The following is a further provision contained in the instrument:

"Also there is excepted from this conveyance the following described lots, out of the Inglewood Place, the title to which is not in the grantors herein.

"Lots 23 and 24 in block No. 3 and lots 20, 21, 22 and 24 in block No. 2, all of said Inglewood Place."

The lots so excepted were not the lots in controversy in this suit.

Both the deeds of trust above referred to were duly recorded in the deed records of Wichita county.

Walter A. Jones and five others to whom Dr. Waller had, during the month of July, 1926, executed contracts to convey certain lots in the Inglewood Place addition, after payment of the balance due on those contracts, instituted this suit on January 7, 1930, against Annie L. Witcher, guardian of the estate of Frances Ann Saunders, the minor, and also against W. C. Witcher, husband of Annie L. Witcher, and Leslie Humphrey, trustee, to recover title to those lots, and to cancel the deeds of trust referred to above as against those lots. In the petition, those deeds of trust and the provisions thereof were specifically alleged, with further allegations that the consideration paid by them after October 30, 1926, the date of the first deed of trust mentioned above, had been paid in to the City National Bank of Wichita Falls in accordance with the provisions of that instrument, and by reason thereof their lots were released from those liens; that Mrs. Witcher had received on the indebtedness secured by the two deeds of trust the sum of $26,000, which amount was in excess of all liens held by her; that, if any of the funds paid into the City National Bank of Wichita Falls had been withdrawn, such withdrawals were permitted by the bank in its capacity as agent for the guardian, and therefore she is estopped to say she has not received such payments.

Plaintiffs further alleged that the deed of trust, of date October 30, 1926, was taken by the defendants with actual knowledge of plaintiffs' contracts of purchase from H. A. Waller theretofore executed in July, 1926. There were further allegations to the effect that the record of the deeds of trust constituted a cloud upon plaintiffs' titles, which they sought to have removed.

There was a further prayer for a temporary writ of injunction to restrain the defendants from selling the lots under the deed of trust pending the suit. The judge of the district court granted the temporary writ. After the same was granted, Leslie Humphrey, trustee, acting under the powers given in the deed of trust last mentioned, sold at public auction all of the 145-acre tract not expressly excepted from the last deed of trust, and not including the lots claimed by plaintiffs in this suit, and realized from that sale the sum of $13,000, which was applied as a credit on the $24,000 note last executed by H. A. Waller and wife and secured by the last-mentioned deed of trust.

The defendant filed answers to plaintiffs' suit embodying general and special exceptions to the petition, a general denial, a plea of not guilty, and also specially pleaded the terms of the deeds of trust and actual and constructive notice thereof by the plaintiffs at the time of their alleged purchases, also giving credit for the $13,000 realized at the trustee's sale, leaving a balance of $17,000 unpaid; praying for judgment establishing the deeds of trust held by Mrs. Annie L. Witcher as a superior lien to the asserted claims of the plaintiffs, and also for general relief.

In reply to the defendants' answer, the plaintiffs filed a trial amendment, in which they specially pleaded that the $13,000 realized by the defendants from the trustee's sale was in excess of the amount of the liens, interest, costs, and attorneys' fees outstanding against the property during the month of July, 1926, when the plaintiffs entered into their contracts of purchase with H. A. Waller,

and which was prior to the execution of the deed of trust of date October 30, 1926, and "that thereby any liens which might have encumbered the deed of any of plaintiffs herein have been fully discharged, paid off and satisfied."

In reply to that pleading, the defendants specially pleaded that at the time the guardian made the loans to H. A. Waller she acquired a valid deed of trust on the property without actual or constructive notice of the alleged claims of plaintiffs.

On the trial of the case, special issues were submitted to the jury, which, together with their answers thereto, are as follows:

"1. Do you find from a preponderance of the evidence that before the execution of the first deed of trust referred to in favor of Annie L. Witcher, guardian, that Dr. H. A. Waller advised W. C. Witcher that he had contracted to sell forty-two of the lots of the land covered by the deed of trust? Answer: Yes.

"2. If you have answered the foregoing issue in the negative you need not answer this but if you have answered in the affirmative, then answer: Do you find from a preponderance of the evidence that Annie L. Witcher was informed that Dr. Waller had contracted to sell forty-two lots above referred to? Answer: Yes. * * *

"5. Do you find from a preponderance of the evidence that at the time of the execution of the first deed of trust in favor of Annie L. Witcher the defendant Mrs. Annie L. Witcher had knowledge of such facts and circumstances as would put a reasonably prudent person on inquiry, which, if made, would have led to a knowledge of the fact that plaintiffs herein had contracted to purchase the lots in question? Answer: Yes. * * *

"3. If you answer special issue No. 1 'yes', then find whether or not Annie L. Witcher or W. C. Witcher acted as an ordinary prudent person in investigating the status of the title to the property herein involved? Answer: Yes."

Judgment was rendered in favor of plaintiffs for the recovery of title to their respective lots and perpetually enjoining the guardian and her husband and the trustee and successors in trust from taking any steps to enforce the deeds of trust against those lots, except that a foreclosure was granted in favor of the guardian against the lots held by the plaintiffs, respectively, in the following sums: Lot 1, block 4, held by W. A. Jones and wife, $57.50; lot 3, block 2, held by W. J. Edwards and wife, $97.50; lot 2, block 2, held by W. J. Edwards and wife, $97.50; lot 10, block 3, held by Cecil Atkins Young, $72.50; lot 14, block 3, held by Cecil Atkins Young, $72.50.

The record does not disclose the theory upon which those foreclosures against plaintiffs' lots were based.

The defendants have prosecuted this appeal from that judgment.

The controlling issue in the case was whether or not the plaintiffs' lots should be freed of the mortgage lien held by the guardian; the defendants making no claim of title.

The findings of the jury in answer to issues 1, 2 and 5, and the testimony offered to support the same, were wholly incompetent to prove an understanding between the parties to the first deed of trust, of date October 30, 1926, that the lots claimed by plaintiffs were not covered by that lien. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Rogers v. Rogers (Tex. Com. App.) 15 S.W.(2d) 1037. Nor were the same sufficient to show title in the plaintiffs prior to the time the guardian took the first deed of trust, since plaintiffs then held merely contracts of purchase with only small portions of the entire consideration paid, notwithstanding the fact that later plaintiffs paid the balance of the consideration and procured deeds from Dr. Waller, all before this suit was instituted. Fraim v. Frederick, 32 Tex. 294. Furthermore, in the absence of any direction from Dr. Waller to the contrary, and in the absence of any equities in the plaintiffs requiring a different result, the guardian had the right to apply the $13,000 realized from the trustee's sale as a credit on the $24,000 then due on the last mortgage, as a whole. And we have reached the conclusion that the pleadings of plaintiffs were not sufficient to present a claim for any relief under the doctrine of marshaling of assets. It was incumbent upon the plaintiffs to invoke that doctrine by special plea. David v. Roe (Tex. Civ. App.) 271 S. W. 196. It is to be noted further that the plaintiffs' allegations to the effect that the debt owing by Dr. Waller, evidenced by the deeds of trust he had given to the guardian and amounting to $24,000, had been fully paid by reason of deposits made in the bank added to the $13,000 realized from the trustee's sale, which was a disputed issue, was not submitted to the jury, nor did plaintiffs request its submission, and therefore they waived any right of relief based thereon. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It is to be noted further that although there was testimony tending to show that at least one of the purchasers, and probably others, had made valuable improvements upon their respective lots, yet there was no claim made by plaintiffs of equities arising by reason of such improvements.

Moreover, there was neither allegation nor proof that the facts found by the jury in answer to issues 1, 2 and 5 were brought to the attention of the county court, vested by law

with supervisory control of matters relating to the welfare of minors under such circumstances; it being assumed that applications to make the loans were granted and the loans later approved, although we have not found in the record any proof of such orders.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded.