**In re UNITED RETAIL CORPORATION, Debtor.**

**Bankruptcy No. 81–00564.**

United States Bankruptcy Court, D. Hawaii.

April 6, 1983.

Ronald Kotoshirodo, Honolulu, Hawaii, trustee.

Bruce Bigelow, and Danton Wong, Honolulu, Hawaii, for First Hawaiian Bank.

William Gilardy, Honolulu, Hawaii, for Bank of Hawaii.

Jeffery Kato, Honolulu, Hawaii, for State of Hawaii.

Tod Tanaka, Honolulu, Hawaii, for Assn.

Ronald Sakimura, Honolulu, Hawaii, for creditor.

## MEMORANDUM DECISION RE: MARSHALING OF ASSETS

JON J. CHINEN, Bankruptcy Judge.

This Memorandum Decision deals with the issue on marshaling of assets. Hearings were held on February 25 and March 9, 1983, at which time present were Scott Nakagawa, representing himself as Trustee of the estate, Bruce Bigelow and Danton Wong, representing the First Hawaiian Bank, William Gilardy, representing Bank of Hawaii, Jefferry Kato, representing the State of Hawaii, Tod Tanaka, representing the Association of Apartment Owners of Fairway Manor, hereafter "Association", and Ronald Sakimura, representing Theodore T. Colton, an unsecured creditor.

Based upon the memoranda and records filed herein and arguments of counsel, the Court finds as follows:

### FINDINGS OF FACT

United Retail Corporation, hereafter "Debtor", filed its petition for relief on September 28, 1981. The major assets owned by Debtor are Apartment 803 at Fairway Manor, hereafter "Apartment", and certain gemstones.

The creditors holding securities on the Apartment are:

a. First mortgagee: First Hawaiian Bank, whose claim approximates $16,000.00.

b. Second mortgagee: Bank of Hawaii whose claim approximates $100,000.00. Bank of Hawaii's mortgage also covers all of the gemstones.

c. Third secured creditor: State of Hawaii for tax lien in the approximate sum of $6000.00.

d. Fourth secured creditor: the Association which claims a lien in the sum of approximately $9000.00.

On February 25, 1983, with the consent of all creditors, the Apartment was sold for $83,000.00, with the liens attaching to the proceeds.

On February 7, 1983, the Trustee filed a Motion for Summary Judgment as to Determination of Priorities and Distribution of Proceeds from Sale of Real Property, wherein he requested that the proceeds from the sale of the Apartment be distributed as follows:

a: Closing costs, real estate commissions

b: Attorney's fees

c: First Hawaiian Bank, the first mortgagee, in the sum of $16,000.00

d: Balance to Bank of Hawaii, the second mortgagee

On February 22, 1983, the Association filed a Memorandum in Opposition to the Trustee's Motion for Summary Judgment, requesting marshaling of assets by the Bank of Hawaii, wherein Bank of Hawaii would be required to satisfy its claim out of the gemstones so that the Association's lien will not be "scraped away".

The Bank of Hawaii, the Trustee and Mr. Colton object to the marshaling of assets in the instant case. They contend that, because the Apartment was sold at $83,000.00 and because the claims of First Hawaiian Bank and Bank of Hawaii against the Apartment exceed $116,000.00, under Sec. 506 of the Bankruptcy Code, the Association is an unsecured creditor. They thus claim that the Association should not be permitted to bootstrap itself to a secured position through the doctrine of marshaling of assets.

The Bank of Hawaii, the Trustee and Mr. Colton also contend that, if Bank of Hawaii is compelled to look for payment to the gemstones, the Bank will suffer harm for it will not be able to realize the amount of its lien through the sale of the gemstones.

The Trustee and Mr. Colton further contend that requiring Bank of Hawaii to proceed after the gemstones to satisfy its mortgage constitutes an invasion into the judicial lien status of the Trustee who represents all of the unsecured creditors. These two contend that imposing a marshaling of assets in this case is not equitable.

Mr. Colton further contends that the Association did not properly plead the application of the equitable doctrine of marshaling of assets. Mr. Colton contends that the doctrine must be invoked in the pleadings and that, since the Association did not invoke the doctrine in its answer to the Complaint or in any other pleading before this Court, the doctrine of marshaling of assets should not be considered by this Court.

Following the hearing on February 25, 1983, this Court authorized a partial disbursement from the proceeds of the sale of the Apartment with the balance to be held by escrow until this Court determines the issue of marshaling of assets.

On October 15, 1981, the Schedules and Statements of Affairs filed by the then president of Debtor, showed the gemstones to be valued at approximately $1,000,000.00. However, though the Trustee has engaged the services of several dealers to sell the gemstones since September of 1982, the best wholesale offer received to date is $3,000.00. According to the Trustee, there is no demand for the gemstones and that it would take several years to sell them for more than $3,000.00 and even then the amounts realized will not fully satisfy the obligations of Bank of Hawaii.

The following issues are before this Court:

1. Did the Association properly plead the doctrine of marshaling of assets?

2. Is marshaling of assets proper in this case?

## CONCLUSIONS OF LAW

I. Did the Association properly plead the doctrine of marshaling of assets?

Courts have arrived at different conclusions on the doctrine of marshaling of assets. Some have held that the doctrine must be raised by the pleadings. *Humphrey v. Jones,* 41 S.W.2d 263 (Tex.Civ.App. 1931). However, other Courts have held that, if the issue is raised at any time during the trial, it was proper for the Court to consider the doctrine of marshaling of assets. *Sherron v. Acton,* 18 A. 978 (1890).

In *Sherron v. Acton, supra,* the court stated:

So free and large is the equitable doctrine that assets will in many cases be marshaled, provided the facts which move the court appear at any time during the

progress of the trial, even though they have not been alleged in the pleadings.

■ The Bankruptcy Court is a court of equity. Thus, this Court follows *Sherron v. Acton, supra,* and holds that, if marshaling of assets will be fair and equitable to all the parties, the doctrine of marshaling of assets will be invoked if the issue is raised during the progress of the trial, even though the doctrine is not raised in the pleadings.

## II. Is the marshaling of assets proper in this case?

■ The Bankruptcy Court, being a court of equity, has the power to order the marshaling of assets in appropriate cases. *In re Larry's Equipment Service,* 23 B.R. 132 (Bkrtcy.Me.1982), *Matter of Harrold's Hatchery, etc.,* 17 B.R. 712 (Bkrtcy.Ga.1982).

The Supreme Court of the United States in *Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963) stated:

> "[t]he equitable doctrine of marshalling [sic] rests upon the principle that a creditor having two funds to satify his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." (Citation omitted.)
>
> . . . .
>
> [m]arshaling is not bottomed on the law of contracts or liens. It is founded instead in equity, being designed to promote fair dealing and justice. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties.

■ Generally, three elements must be present before the doctrine of marshaling of assets may be involved: (1) the existence of two creditors with a common debtor; (2) the existence of two funds or assets belonging to the debtor; (3) the legal right of one of the creditors to satisfy his demand from both of the funds or assets, while the other creditor may resort to only one fund or asset. *Farmers & Mechanics Bank v. Gibson,* 7 B.R. 437 (Bkrtcy.Fla.1980).

The Association has the burden of showing that it is entitled to a marshaling of assets. As the court stated in *Johnson v. Wison,* 145 Wash. 515, 261 P. 102 (1927):

> The burden of showing conditions calling for marshaling securities is upon him who seeks the benefit thereof. In the text of 18 R.C.L. 462, it is well stated that:
>
> > "The creditor who asserts the equity to marshall securities must show that the right of his co-creditor will neither be endangered nor injuriously delayed."
>
> (citation omitted.)

The courts have held that marshaling of assets will not be applied when it will unduly delay or prejudice the senior creditor. *In Re Virginia Block Co.,* 6 B.R. 670 (Bkrtcy.Va.1980).

In *In re Leonardo,* 11 B.R. 453 (Bkrtcy.N. Y.1981), the Court stated:

> The rights of all who have an interest in the property, including the debtor, must be considered and the doctrine [marshaling of assets] should be applied "only when it can be equitably fashioned as to all parties."
>
> . . . .
>
> Marshaling of assets should not be available in cases . . . where there will be prejudice to the senior creditors such as delay and increased expenses:

See also *Victor Gruen Associates, Inc. v. Glass,* 338 F.2d 826 (9th Cir.1964).

■ In the instant case, Bank of Hawaii is the second mortgagee on the Apartment and the first mortgagee on the gemstones. The Association, which is a lienholder with a fourth position in the Apartment, requests that the Bank of Hawaii be required to foreclose on the gemstones prior to receiving payment from the proceeds of the sale of the Apartment.

Although the value of the gemstones was originally set at $1,000,000.00 by the former president of Debtor, the Trustee has not been able to sell the gemstones. The Trustee has spent considerable time and effort to liquidate the gemstones. But there are no purchasers. The best offer received to date for the entire gemstones is $3000.00.

Selling the gemstones over a period of time may bring more than $3,000.00. However, the delay will mean additional costs, for the Bank of Hawaii loan has an interest of 3½% over prime. At one point, the interest payable to Bank of Hawaii was 22%. It thus means that, if the gemstones are not sold for an amount sufficient to cover the debt to Bank of Hawaii and the additional interest, the Bank will be prejudiced by the delay.

The burden is on the Association to show that marshaling of the assets will not be prejudicial to Bank of Hawaii, the senior lien holder. In the instant case, to require the Bank of Hawaii to collect on the gemstones will mean great delay and prejudice to the Bank. The Association has failed to carry its burden. Thus, the Court denies the application of the marshaling of assets in the instant case.

Let Judgment be entered accordingly.