In the Matter of WOOLF PRINTING CORPORATION, Debtor(s).

WOOLF PRINTING CORPORATION, Plaintiff(s),

v.

MAC PAPERS, INC. and NCNB National Bank of Florida, Defendant(s).

Bankruptcy No. 87–2019–8b1.
Adv. No. 87–188.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 14, 1988.

C. Kathryn Preston, Tampa, Fla., for plaintiff/debtor.

Stephen Durant, Jacksonville, Fla., defendant/Mac Papers.

Lynn Welter, Tampa, Fla., for defendant/NCNB.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 case concerns the marshalling of the Debtor's assets.

Defendant/Cross–Plaintiff NCNB National Bank of Florida (NCNB) filed a cross-claim against Defendant/Cross–Defendant Mac Papers, Inc. (Mac Papers), to compel Mac Papers to look to certain collateral for satisfaction of its debt prior to seeking satisfaction of its claim from the proceeds of a life insurance policy. The parties filed Motions for Summary Judgment alleging there remain no genuine issues of material fact. The Court reviewed the Motions, the Joint Statement of Facts and the remainder of the record and heard argument of counsel on January 27, 1988. The Court finds the undisputed facts to be as follows:

On April 19, 1983, the Debtor purchased a one million dollar key man insurance policy on the life of Howard Woolf, the Debtor's former president and chief operating officer. Within the same month, the Debtor executed and delivered three separate assignments of this policy to the Pan American Bank, Sun Bank of Tampa Bay, and Mac Papers, Inc., as collateral for outstanding obligations of the Debtor to each of these assignees. Subsequently, on November 19, 1984, the Debtor executed and delivered to NCNB an assignment of the policy as collateral for a loan from NCNB to the Debtor.

As additional collateral for its obligations to Sun Bank, on November 27, 1984 the Debtor granted Sun Bank a security interest in all equipment, furniture, and fixtures then owned or thereafter acquired by the Debtor. Similarly, on September 19, 1986 the Debtor granted Mac Papers a security interest in all personal property of the Debtor, including furniture, fixtures, equipment, inventory, and accounts receivable. The obligations of the Debtor to Sun Bank were assigned by Sun Bank to Mac Papers pre-petition.

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 16, 1987. On May 2, 1987 Howard Woolf died and the life insurance company issued a check in the amount of $1,020,444.21, made payable jointly to the Debtor, Mac Papers, and NCNB. The Debtor agreed to accept $20,444.21 in exchange for a full release of all claims to the proceeds of the policy.

The Pan American assignment was released pre-petition, when the Pan American loan was repaid. Thus, on the date of the bankruptcy filing, and at the time of death, there were three unreleased assignments of the policy:

1) The April 23, 1983 assignment to Mac;

2) The April 23, 1983 assignment to Sun Bank (which was assigned to Mac); and

3) The November 19, 1984 assignment to NCNB.

The issue to be addressed herein is the propriety of compelling Mac Papers under the doctrine of marshalling to seek recovery from the Debtor's personal property, including furniture, fixtures, equipment, inventory and accounts receivable prior to seeking recovery from the proceeds of the life insurance policy.

" 'Marshalling' rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand defeat another creditor, who may resort to only one of the funds." *Meyer v. U.S.*, 375 U.S. 233, 236, 84 S.Ct. 318, 320, 11 L.Ed.2d 293 (1963). In such a case, the first creditor is forced to satisfy its claim from the collateral which the second creditor cannot reach before looking to the common funds. This allows the second creditor to recover more from its only source of security. *In re Francis Construction Company, Inc.*, 54 B.R. 13 (Bankr.S.C.1985).

■ Three elements must be satisfied before the equitable doctrine of marshalling may be applied. These are:

1. The existence of two creditors with a common debtor;
2. The existence of two funds belonging to the debtor; and
3. The legal right of one creditor to satisfy his demand from either or both of the funds while the other may resort only to one fund.

*United States v. Friend (In re A.E.I. Corp.)*, 11 B.R. 97 (Bankr.E.D.Pa.1981). In addition, the party seeking to invoke marshalling has the burden of demonstrating marshalling would benefit the estate without imposing an undue hardship on the senior lienholder. *Whirlpool Corp. v. Plad, Inc., (In re Plad, Inc.)*, 24 B.R. 676, 680 (Bankr.M.D.Tenn.1982).

In applying the legal principles of marshalling to the case at hand, it is apparent NCNB has met its burden of proving the three elements of marshalling. First, both Mac Papers and NCNB are creditors with a common debtor, Woolf Printing Corporation. Second, there are two funds belonging to the Debtor: 1) the proceeds of the life insurance policy; and 2) the Debtor's personal property consisting of furniture, fixtures, equipment, inventory and accounts receivable. Third, Mac Papers has a legal right to satisfy its demand from both funds, while NCNB may resort only to the insurance proceeds.

■ While the three elements are met, NCNB must still demonstrate the invocation of marshalling would not injuriously affect the rights of Mac Papers or a third person. *State Bank of Florida v. Roche*, 35 Fla. 357, 17 So. 652 (Fla.1895). Undue delay or prejudice to the senior lienholder are the sort of injuries which will prohibit marshalling. *In re United Retail Corporation*, 33 B.R. 150 (Bankr.Hawaii 1983).

■ NCNB argues Mac Papers should satisfy its debt by first looking to the Debtor's personal property. In order to accomplish this satisfaction, Mac Papers would have to have relief from the automatic stay, then sell the property to satisfy the debt with the sale proceeds. There is no evidence to show the time frame within which the property could be sold. On the other hand, if Mac Papers were not compelled to marshal, it would be able to look to the insurance proceeds first. This is ready cash which would be immediately available. Upon a review of the characteristics of the two funds it is clear that compelling Mac Papers to look to the Debtor's personal property prior to the insurance proceeds would cause undue delay in satisfying the debt. Since marshalling would injuriously affect the secured interests of Mac Papers, this Court declines to compel the requested equitable relief. *Topcon Instrument Corporation of America v. West Coast Optical Instruments, Inc. (Matter of West Coast Optical Instruments, Inc.*, 89 B.R. 198 (Bankr.M.D.Fla.1988); *Matter of Dealer Support Services, International, Inc.*, 73 B.R. 763 (Bankr.E.D.Mich.1987); 6 Pomeroy, *Pomeroy's Equity Jurisprudence and Equitable Remedies*, § 866 (1905).

Mac Papers offered several arguments in opposition to marshalling. First, it contends marshalling would injure the Bankruptcy estate. Second, Mac Papers contends marshalling does not apply because both creditors each have more than one asset from which to satisfy their debts. NCNB may have a security interest in one of the Debtor's printing presses as well as the insurance proceeds. Third, Mac Papers contends that if NCNB is unsecured as to the printing press, it is because NCNB was

negligent in failing to perfect its security interest in the press. Thus, NCNB is not entitled to the aid of equity in this case. While these arguments might bolster Mac Paper's position, the Court need not address them. It is NCNB's burden to demonstrate marshalling would not injure Mac Papers. Since NCNB has failed to meet its burden, as a matter of law marshalling is inappropriate. The additional equitable concerns of Mac Papers need not be discussed at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED Mac Paper's Motion for Summary Judgment be and the same is hereby granted and NCNB's Motion for Summary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that marshalling of the assets is hereby determined to be inappropriate in this case.