**In re FRANCIS CONSTRUCTION COMPANY, INC., Debtor.**

**Bankruptcy No. 83–00786.**

United States Bankruptcy Court, D. South Carolina.

Jan. 30, 1985.

**14**

■■■■■■■■■■■■■■■■

H. Flynn Griffin, Walterboro, S.C., for trustee.

R. Geoffrey Levy, Columbia, S.C., for First Federal.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The trustee seeks to sell property of the debtor estate free and clear of interests pursuant to 11 U.S.C. § 363(f). The trustee asserts the doctrine of marshaling in support of his motion.

### FACTS

The debtor commenced business in December 1972.

On July 12, 1977, John G.R. Francis, president and sole stockholder of the debtor, deeded 2.34 acres to the debtor and simultaneously executed a $63,750 mortgage to First Federal Savings & Loan Association (First Federal). The mortgage was secured by the 2.34 acres and by a house and lot near Manning owned individually by Mr. Francis.

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) on May 11, 1983.

On May 8, 1984, the trustee filed, pursuant to 11 U.S.C. § 363(f), a motion to sell the 2.34 acres (as property of the estate) free and clear of interests. Mr. Francis and First Federal oppose the motion. If the trustee were successful, First Federal would be precluded from realizing any proceeds out of the sale and would have to satisfy its claim by foreclosing on the house and lot which are not property of the estate.

### ISSUE

The issue is whether the trustee may invoke the equitable doctrine of marshaling to require First Federal's satisfying its mortgage out of collateral which is not property of the estate.

### DISCUSSION

Traditionally, the equitable doctrine of marshaling has been used by secured creditors but has not been available to unsecured creditors. *"The Edith"*, 94 U.S. 518, 24 L.Ed. 167 (1877). *See also, In re Computer Room*, 24 B.R. 732 (Bankr.N.D.Ala. 1982), n. 5; 53 Am.Jur.2d *Marshaling Assets* § 29 (1970); 55 C.J.S. *Marshaling Assets and Securities* § 17 (1978). The trustee, relying on *In re Jack Green's Fashions for Men-Big & Tall, Inc.*, 597 F.2d 130 (8th Cir.1979) in support of his motion, asks this court to apply the doctrine to unsecured creditors. Assuming, but not deciding, that unsecured creditors have standing to invoke the equitable doctrine of marshaling, the court must examine the requirements of the doctrine and apply them to the facts of this case.

■■ The doctrine of marshaling may be applied "when two or more creditors claim against one debtor and the first creditor can reach two properties held by the debtor whereas the second can reach only one." *In re Beacon Distributor's, Inc.*, 441 F.2d 547, 548 (1st Cir.1971); *See also, Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963), and *In re Computer Room, supra.* In such a case the first creditor is forced to satisfy its claim from the collateral which the second creditor cannot reach before looking to the common fund. This allows the second creditor to recover more from its only source of security.

"Generally, three elements must be present in order for a court of equity to invoke the marshaling doctrine: (1) the existence of two creditors with a common debtor; (2) the existence of two funds belonging to the debtor; (3) the legal right of one creditor to satisfy his demand from either or both of the funds, while the other

may resort to only one fund." *In re A.E.I. Corp.*, 11 B.R. 97, 99 (Bankr.E.D.Pa.1981).

It is obvious that the first element is satisfied in that there is a common debtor, Francis Construction Company, with two creditors, First Federal Savings & Loan and the trustee who represents the interests of all unsecured creditors.

The second element is less obvious. Although there are two funds, only one belongs to Francis Construction Company, the common debtor; the other fund belongs to Mr. Francis. The facts are similar to those in *Matter of Harrold's Hatchery, Inc.*, 17 B.R. 712 (Bankr.M.D.Ga.1982), from which the following is taken:

> The common debtor in this case is the Debtor, and marshaling would be proper as to all of the Debtor's assets. The Trustee would have this Court marshal the assets of Mr. Harrold with the Debtor's assets, but to do so would violate the requirement that the assets sought to be marshaled must be in the hands of or owned by a common debtor.
>
> The Trustee argues that the common debtor requirement for marshaling should not bar this Court from applying marshaling in this case, and in support of this contention, he cites the Court to the *Gibson* case. In the *Gibson* case, the Court found that it could require marshaling when the common debtor requirement was not met in two particular instances, (1) when the corporate veil could properly be pierced, or (2) when a shareholder's property should be deemed to be a contribution to the capital of a corporation. Whether this Court agrees with the holding of the *Gibson* case need not be decided because the Trustee has failed to show that either of the *Gibson* instances are present in this case. The Trustee has made no showing at all that the corporate veil of the Debtor should be pierced. The Trustee does argue that Mr. Harrold's assets should be treated as a contribution to capital, but the Trustee has presented no facts upon which the Court could make such a ruling. The Trustee has not made a sufficient show-

ing for this Court to find that Mr. Harrold's assets, which he pledged as security for this personal guarantee, are anything but his individual assets.

*Matter of Harrold's Hatchery, Etc., supra* at 716–717.

The trustee, stating that there are "technically two debtors, Francis Construction Company, Inc. and its president and owner, John G.R. Francis," requests this court to follow *Farmers & Merchants Bank v. Gibson*, 7 B.R. 437 (Bankr.N.D.Fla.1980) which is referred to in *Harrold's Hatchery* as the *Gibson* case.

As in *Harrold's Hatchery* this court need not decide whether to follow the exceptions set out in *Gibson* because the trustee has failed to satisfy the court either that the corporate veil should be pierced or that Mr. Francis's pledge is a contribution to capital.

█ It is found as a matter of law that the house and lot represent security for Mr. Francis's personal guaranty. Consequently, the two funds do not belong to a common debtor, and the second element of marshaling is unsatisfied.

Having found that the trustee has failed to satisfy the second element of the marshaling test, it is unnecessary to consider the third element.

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the trustee's motion to sell free and clear of liens and interests pursuant to 11 U.S.C. § 363(f) is denied.