**In re Cleo Wayne JENKINS and Mary Grace Jenkins, Debtors.**

**Bankruptcy No. 86–04603–1–11.**

United States Bankruptcy Court,
W.D. Missouri, S.D.

Sept. 30, 1988.

Jack Hoke, Springfield, Mo., for debtors.

David Munton, Kerry Douglas, Bolivar, Mo., for Citizen's Bank of Polk County.

Robert E. Stemmons, Mt. Vernon, Mo., for First Sav. & Loan Ass'n.

MEMORANDUM OPINION AND ORDER GRANTING MOTIONS FOR DETERMINATION OF SECURED STATUS AND MOTION TO AMEND SECOND AMENDED PLAN OF REORGANIZATION AND ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION AS AMENDED

KAREN M. SEE, Bankruptcy Judge.

Pending before the court is debtors' Second Amended Plan of Reorganization and three related motions: 1) Motion to Amend the Plan, filed by debtors; 2) Motion to Determine Secured Status filed by Citizen's Bank of Polk County ("Citizens"); and 3) Motion to Determine Secured Status and for Valuation of Collateral filed by Polk County Bank. Also relevant to the issues raised by these motions are objections to the Plan filed by Citizen's, Polk County Bank, and First Savings and Loan Association. A hearing on confirmation was held September 24, 1987 at which all parties were represented by counsel.

*Background Facts*

Debtors, who are farmers, filed bankruptcy under Chapter 11 on October 21, 1986. Earlier in these proceedings both Citizen's and Polk County Bank sought adequate protection on their claims. As to Citizens, in its Order entered November 18, 1986, the court found that Citizen's was a secured creditor in the amount of $47,848 on two debts that the court merged. The court further found that the total value of the collateral securing the combined debt was $69,930. Thus, Citizen's was oversecured in an amount in excess of $21,000. Of the $69,930, $33,000 was debtors' equity in real estate valued at $52,000 in which a prior mortgage of $19,000 existed. The remaining $14,848[1] was the value of the cattle and machinery on which Citizens had a first lien.[2] The court ordered adequate protection payments in the amount of $573.74.[3] Debtors owed Citizen's an addi-

---

1. $47,848 less $33,000 of debtor's equity in the real estate.

2. The court valued the cattle and machinery at $36,930.

3. That figure was arrived at by adding $340.63—the amount payable on the real estate portion of the debt—and $233.11—the amount payable on the cattle and machinery portion of the debt. Both were amortized at 11%. The real estate loan was amortized over a 20 year period and

tional debt in the outstanding principal amount of $4,978. The court found the value of the collateral securing that debt to be $3,250 and that Citizen's was secured to that amount. Adequate protection payments of $55.60 were ordered.

As to Polk County Bank, the court found that it also had a debt secured by a security interest, junior to Citizen's security interest, in the cattle and machinery. The outstanding principal balance on the debt was $28,752.90. The court used the figures from the adequate protection hearing on Citizen's motion and found that Polk County Bank was a secured creditor in the amount of $21,040. Debtors were required to make adequate protection payments in the amount of $330.51 per month on this debt. Polk County Bank was also found to have a fully secured interest in two vehicles. Adequate protection payments in the amount of $101.54 were ordered on the remaining principal balance of $3,928.78.

*Polk County Bank's Motion for Determination of Secured Status and Objection to Debtors' Second Amended Plan*

Debtors' Plan treats Polk County Bank as a secured creditor only as to its first lien on the vehicles in the amount of $3,928.78. The remaining $37,510.69 is treated as an unsecured claim. In support of this treatment, debtors contend that because Citizen's is the second mortgagee on the portion of its debt secured by real estate in all likelihood its claim would be satisfied out of the cattle and machinery if it became necessary. If that happened, Polk County Bank would be rendered totally unsecured because it is junior to Citizen's on the cattle and machinery. Polk County Bank contends that the same is true of Citizen's, as second mortgagee on the real estate, yet the Plan treats Citizen's as a fully secured creditor. Polk County Bank argues that this treatment of its claim is analogous to a marshaling of assets in an attempt to defeat an otherwise properly perfected, albeit subordinate, claim. For the reasons that follow, the court finds that, as proposed, the Plan cannot be confirmed because it neither properly treats an impaired class nor, absent the modifications made herein, meets the requirements for "cramdown".

First, a plan of reorganization can only be confirmed if it meets all the requirements of 11 U.S.C. § 1129. One of these requirements is that the holder of an impaired claim must either accept the plan or be given property equal in value to the amount it would receive in a liquidation under chapter 7. 11 U.S.C. § 1129(a)(7). The claim of Polk County Bank is impaired under the Plan because the Plan alters the Bank's rights by treating its secured debt[4] as an unsecured debt. *See* 11 U.S.C. § 1124(1). As the holder of an impaired claim, Polk County Bank has rejected the Plan. The Plan does not provide for the Bank to retain or receive any interest in any property. Thus, the provisions of § 1129(a)(7) have not been met. Under these circumstances, the "cramdown" portion of § 1129 comes into play. Absent modification of the Plan, that portion of § 1129 has not been met, either.

Section 1129(b) allows a court to confirm a plan despite a class of rejecting, impaired creditors. "The general principle of the subsection permits confirmation notwithstanding nonacceptance by an impaired class if that class and all below it in priority are treated according to the absolute priority rule. *The dissenting class must be paid in full before any junior class may share under the plan.*" H.R. No. 95–595, 95th Cong., 1st Sess. 413–418 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6369–6374. In its present form the Plan pays Polk County Bank's claim on a pro rata basis with other unsecured creditors when it should provide for

the cattle and machinery were amortized over an eight year period.

**4.** In this court's Order entered June 30, 1987, the court found that Polk County Bank was a secured creditor in the amount of $21,040 on the debt secured by cattle and machinery. Polk County Bank was also found to have a fully secured interest in two vehicles in the amount of $3,928.78. That Order was not appealed and is final insofar as it decides the secured status of Polk County Bank in these proceedings. *See* Order for Adequate Protection, Case No. 86–04603–S–1–11 (W.D.Mo. 6/30/87).

payment in full to the Bank before any unsecured creditors are paid. Thus, the "cramdown" requirements of § 1129(b) have not been met.

Additionally, the court agrees with Polk County Bank's analysis that debtors' treatment of its claim is analogous to the marshaling of assets. The case law is quite clear that neither a trustee nor a debtor in possession can force "reverse marshaling" of assets by requiring a senior lienor to satisfy its claim out of collateral also securing a junior lienor's interest when the senior lienor has other collateral it may draw from first. *In re Center Wholesale, Inc. (Owens–Corning Fiberglas Corp. v. Center Wholesale, Inc.)*, 788 F.2d 541, 542[1] (9th Cir.1986); *accord In re Larry's Equipment Service, Inc. (Canal National Bank v. Larry's Equipment Service, Inc.)*, 23 B.R. 132, 134[3,4] (Bankr.D.Me.1982). *See also In re Jack Green's Fashions for Men—Big and Tall (Berman v. Green)*, 597 F.2d 130, 132[2] (8th Cir.1979); *Matter of McElwaney (Federal Land Bank of Columbia v. Tidwell)*, 40 B.R. 66, 72[3] (Bankr.M.D.Ga.1984). If debtors could not succeed in an action to require marshaling of assets, they certainly cannot obtain the same result through the confirmation of a plan. For both of these reasons the Plan is unconfirmable in its present form. Polk County Bank's Motion to Determine Secured Status and for Valuation of Collateral is granted as it relates to this claim. In accordance with this court's Order entered June 30, 1987, Polk County Bank has a secured claim in the amount of $21,040.00 and an unsecured claim for the remaining amount due and owing to the debt. Additionally, Polk County Bank's objection to the Plan on this ground is sustained.

The court does note, however, that Polk County Bank is an undersecured creditor on this claim. Although an oversecured creditor may be entitled to the entire value of its claim plus postpetition interest to the value of the collateral, an undersecured creditor is not. *Compare* 11 U.S.C. § 506(b) *with* 11 U.S.C. § 502(b)(2). Additionally, after the Supreme Court's decision

in *United Savings Association v. Timbers of Inwood Forest Association, Ltd,* 484 U.S. 365, 108 S.Ct. 626[1], 98 L.Ed.2d 740 (1988), an undersecured creditor, unlike an oversecured creditor, is not entitled to adequate protection payments. Thus, Polk Count Bank is not entitled to either postpetition interest or adequate protection payments made since *Timbers.* Accordingly, all adequate protection payments made on the debt since that date shall be credited to the principal amount due and owing on the debt. The parties will be directed to file an accounting detailing the number and amount of payments made since January 20, 1988, the adjusted principal balance, and the adjusted amount of unsecured debt under the Plan.

Polk County Bank also objected to the Plan because it did not provide for payment of its claim secured by a bale wagon in the amount of $1,200. At the confirmation hearing, counsel for the debtor indicated that Class V of the Plan could be amended to provide for the payment of that claim at 11% interest over eight years for a monthly payment of $18.86. Transcript at p. 3.[5] The parties being in agreement, the Plan will be so amended and Polk County Bank's Motion to Determine Secured Status on this claim will be granted. Polk County Bank's remaining objections to the Plan will be overruled.

*Citizen's Motion for Determination of Secured Status, Citizen's Objection to Debtors' Second Amended Plan of Reorganization and Debtors' Motion to Amend the Plan as to Citizen's Claim*

Citizen's objects to the Plan for several reasons. First, the Plan treats Citizen's as a secured creditor on the real estate and cattle loans in the amount of $45,545. This issue is also raised in Citizen's Motion for Determination of Secured Status. The court previously found the value of this claim to be $47,848. *See* Order for Adequate Protection, Case No. 86–04603–S–1–11 (W.D.Mo. 11/18/86). Debtors' response to Citizen's objection to the Plan did not address the issue of valuation. However,

---

**5.** Transcript of Proceedings held September 24, 1987.

at the hearing on confirmation counsel for the debtor stated that there was no issue as to valuation. Transcript, p. 5.[6] Because the court previously determined the value of this claim to be $47,848 [7] and debtor has not raised any objection to that amount, Citizen's objection to the Plan on this ground will be sustained, its Motion for Determination of Secured Status will be granted as to the value of this claim, and the Plan will be amended to reflect this change.

Second, the Plan fails to provide for Citizen's additional claim of $4,978 secured by property having a value of $3,250. No provision was made for the secured amount of $3,250 and the remaining $1,728 was not treated in the class of unsecured claims. Debtors' Motion to Amend corrected the error as to the $3,250 secured and $1,728 unsecured claims. The parties are, therefore, in agreement on the treatment of this claim. Accordingly, debtors' motion to amend will be granted as to this claim and the plan will be modified as set forth in the motion. Citizen's objection to the plan on this ground as well as the portion of its Motion to Determine Secured Status covering this claim is sustained.

Again, however, the court notes that Citizen's Bank is an undersecured creditor on this claim and that unsecured creditors are not entitled to adequate protection payments. *Timbers*, 484 U.S. 365, 108 S.Ct. 626[1], 98 L.Ed.2d 740 (1988). Citizen's, like Polk County Bank, was not entitled to adequate protection payments after January 20, 1988. Accordingly, all adequate protection payments made on the debt since that date shall be credited to the principal amount due and owing on the debt. The parties will be directed to file an accounting detailing the number and amount of payments made since January 20, 1988, the adjusted principal balance, the adjusted monthly payment, if any, and the adjusted amount of unsecured debt under the Plan.

Citizen's additionally objected to the Plan because the portion of the claim secured by real estate is to be paid out at 10% rather than the 11% previously ordered by the court. ·Again, the court's previous order was not appealed by any party. The contract rate is 13% and the 11% interest rate still reflects a fair market rate. Accordingly, the Plan will be amended to provided for an 11% interest rate on the portion of the claim secured by real estate and Citizen's objection to the Plan on this ground will be sustained.

*Objections to the Plan filed by First Savings and Loan Association*

First Savings and Loan objects to the Plan because it failed to include late charges, arrearage and deficiencies as part of its claim. It further objected to the Plan because the interest rate was too low for the extended term. Based on these objections, First Savings rejected the Plan.

At the confirmation hearing, however, both debtors and First Savings indicated that the latter's rejection would be an acceptance of the Plan upon an agreed on modification of the Plan. The parties agreed that debtors will escrow $92.73 per month for insurance and taxes, and the monthly principal and interest payment will be raised to reflect the additional amount due and owing. Additionally, upon confirmation debtors will immediately pay the negative escrow balance of $72 to First Savings. Accordingly, the Plan will be modified to reflect these agreed on changes, First Saving's Objection to the Plan is overruled and its rejection is changed to an acceptance.

## CONFIRMATION OF THE PLAN

Based on the court's review of the file, the hearing on confirmation and the amendments to the Plan set forth in this Order, the court finds the following:

1. The Plan was transmitted to creditors and equity security holders and

---

**6.** Specifically, counsel for debtor stated: "We're accepting this Court's previous determination as to the value of the collateral."

**7.** *See* Order for Adequate Protection, Case No. 86–04603–S–1–11 (W.D.Mo. 11/18/86). That Order was not appealed and is final insofar as it decides the amount of Citizen's claim in these proceedings.

the confirmation hearing was held after proper notice.

2.  The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

3.  The provisions of Chapter 11 of the Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law.

4.  Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value as of the effective date of the Plan that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Code on such date.

5.  The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims and interests that is impaired under and has not accepted the Plan.

6.  All payments made or promised by the debtor for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the court.

7.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtors or any successors to the debtors under the Plan.

Accordingly, for all the reasons set forth in this opinion, it is hereby ORDERED, ADJUDGED and DECREED that

1.  The value of Polk County Bank's claim secured by a junior lien on cattle and machinery is $21,040 and the claim is secured to that amount. Class V of the Plan is hereby amended to provide that Polk County Bank has a secured claim in the amount of $21,040.00 to be paid over eight years at an interest rate of 11% and an unsecured claim for the remaining amount due and owing on that debt. All adequate protection payments made on the debt since January 20, 1988 are hereby credited to the principal amount due and owing on the debt. The parties are directed to file, within ten (10) days of the date of this Order, an accounting detailing the number and amount of payments made since that date, the adjusted principal balance, and the adjusted amount of unsecured debt under the Plan. The court will then determine the amount of monthly payments based on the new principal balance, the eight year term and the 11% interest rate. Polk County Bank's objection to the Plan on this ground will be sustained, and its Motion for Determination of Secured Status will be granted as to the value of this claim.

2.  The value of Polk County Bank's claim secured by the bale wagon is $1,200 and the claim is secured to that amount. Class V is hereby amended to provide that Polk County Bank has a claim secured by the bale wagon in the amount of $1,200 to be paid over eight years at an interest rate of 11% Polk County Bank's objection to the Plan on this ground will be sustained, and its Motion for Determination of Secured Status will be granted as to the value of this claim.

3.  Polk County Bank's remaining objections to the Plan are hereby overruled.

4.  The value of Citizen's claim secured by a second mortgage on real estate, cattle and machinery is $47,848 and the claim is secured to that amount. Class IV is hereby amended to provide that Citizen's has a claim secured by a second mortgage on real estate, cattle and machinery in the amount of $47,848. Class IV of the Plan is further amended to provide for an 11% rate of interest on the portion of Citizen's claim secured by real estate. Citizen's objection to the Plan on this ground is hereby sus-

tained. Citizen's objection to the Plan on this ground will be sustained, and its Motion for Determination of Secured Status will be granted as to the value of this claim.

5. The value of Citizen's claim of $4,978 secured by property having a value of $3,250 is $3,250. Class IV is hereby amended to provide that Citizen's has a secured claim in the amount of $3,250. All adequate protection payments made on the debt since January 20, 1988 shall be credited to the principal amount due and owing on the debt. The parties are hereby directed to file an accounting detailing the number and amount of payments made since January 20, 1988, the adjusted principal balance, the adjusted monthly payment, if any, and the adjusted amount of unsecured debt under the Plan. Debtors' Motion to Amend the Plan will be granted, Citizen's objection to the Plan on this ground will be sustained and its Motion for Determination of Secured Status will be granted as to the value of this claim.

6. Class III of the Plan is hereby amended to include, as part of First Saving and Loan's secured claim, $3,260.02 consisting of arrearage, late charges and an escrow deficiency. Upon confirmation debtors will escrow $92.73 per month for insurance and taxes, the monthly principal and interest payment will be raised to reflect the additional amount due and owing, and debtors will immediately pay the negative escrow balance of $72.42 to First Savings. First Saving's Objection to the Plan is overruled and its rejection is changed to an acceptance.

7. Upon failure of debtors to make any of the required payments to secured creditors under the Plan within 15 days after the date due, the secured creditors may proceed with their remedies under state law.

8. Upon receipt of the information requested in paragraph number 1

above the court will enter an amended confirmation order stating the correct monthly payment of the claim set forth in paragraph 1.