In re DIG IT, INC., Debtor.

**The EXCHANGE BANK OF KINGSTREE, Plaintiff,**

v.

**SOUTH CAROLINA NATIONAL BANK; and Robert F. Anderson, Trustee, Defendants.**

Bankruptcy No. 90–02470.
Adv. No. 90–8287.

United States Bankruptcy Court,
D. South Carolina.

Feb. 1, 1991.

B. Michael Brackett, Sherril & Rogers, P.C., Columbia, S.C., for plaintiff.

Stanley H. McGuffin, South Carolina Nat. Bank Legal Dept., Columbia, S.C., for South Carolina Nat. Bank.

Robert F. Anderson, Anderson, Lowder & Strait, P.A., Columbia, S.C., for trustee.

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

Plaintiff seeks a declaratory judgment that the Trustee may not rely upon the doctrine of marshaling to force the Plaintiff to forgo its security interest and lien in the Debtor's receivables. By its cross-claim against the Trustee, Defendant SCN seeks the same declaration as Plaintiff. By his counterclaim, the Trustee seeks to invoke marshaling to require the Plaintiff to satisfy its claim against the estate from its mortgage lien on debtor's real property. Plaintiff and Defendant Trustee have each moved for summary judgment; Plaintiff filed and served supporting affidavits; the Defendant Trustee did not submit affidavits in support of his motion or in opposition to Plaintiff's motion.

## FACTS

From the pleadings, affidavits, and representations of counsel during argument, the Court finds that:

1. The Plaintiff has a claim against the estate in the amount of One Hundred Sixty-Five Thousand Five Hundred One and No/100 ($165,501.00) Dollars plus interest accrued since November 15, 1990.

2. Plaintiff holds the senior lien on the debtor's receivables and the senior mortgage lien on debtor's Florence County, SC real property. (the only real property owned by Debtor).

3. Defendant SCN has a claim against the estate in the approximate amount of Three Hundred Thousand and No/100 ($300,000.00) Dollars plus interest.

4. Defendant SCN's only security is a valid second mortgage lien on debtor's real property.

5. It was stipulated, without objection, that for the purpose of the summary judgment hearing, the fair market value of the debtor's real property is Four Hundred Twenty-Six Thousand and No/100 ($426,000.00) Dollars, and the Court so finds.

6. The Bank of New York holds approximately Eighty-Two Thousand and No/100 ($82,000.00) Dollars of debtor's receivables/cash.

7. Plaintiff and Defendant SCN cannot both satisfy their claims solely from Defendant's real property.

## ISSUE

May the Trustee invoke the equitable doctrine of marshaling to require the Plaintiff to satisfy its claim from its mortgage lien and thereby forgo, to the benefit of unsecured creditors, its lien in debtor's receivables?

## DISCUSSION

Summary Judgment is no longer regarded as a disfavored procedural shortcut; it is a salutary method of disposition "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.,* 833 F.2d 1560 (Fed.Cir. 1987), citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Where a movant has supported its motion with affidavits or other evidence which, unopposed, would establish its right to judgment, the non-movant must proffer countering evidence sufficient to create a genuine factual dispute. *Id.* To counter a motion for summary judgment, the non-

movant may not rest on its pleadings or mere assertions of counsel. *Id.*

■ The doctrine of marshaling of assets developed as an equitable principle designed to benefit junior secured creditors. It requires the senior creditor to first satisfy its claim from the property or fund in which the junior creditor has no interest. It is applied only when it can be equitably fashioned as to all parties. *Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *In Re Rich Supply House, Inc.,* 43 B.R. 68 (Bkrtcy.N.D.Ill. 1984).

■ Generally, three elements must be present for a court to invoke the marshaling doctrine: (1) the existence of two creditors with a common debtor; (2) the existence of two funds belonging to the debtor; (3) the legal right of one creditor to satisfy his demand from either or both of the funds, while the other may resort to only one fund. *In Re Francis Const. Co., Inc.,* 54 B.R. 13 (Bkrtcy.D.S.C.1985). Regardless of the existence of these elements, marshaling will not be granted where it would cause detriment to the interests of senior creditors. *In Re United Retail Corp.,* 33 B.R. 150 (Bkrtcy.D.Haw.1983); *In Re Computer Room, Inc.,* 24 B.R. 732 (Brkcty.N.D.Ala.1982); *In Re Larry's Equipment Service, Inc.,* 23 B.R. 132 (Bkrtcy.D.Me 1982); *Walker v. Covar,* 2 S.C. 16 (1870). This includes a junior secured creditor whose equity and priority is equal to or superior to that of the Trustee. *In Re Jenkins,* 99 B.R. 949 (Bkrtcy. W.D.Mo.1988); *Matter of McElwaney,* 40 B.R. 66 (Bkrtcy.M.D.Ga.1984); *In Re Larry's Equipment Service, Inc., supra;* 55 C.J.S. Marshaling Assets and Securities § 5; *Farmers' & Merchants' Bank v. Holliday,* 108 S.C. 116, 93 S.E. 333 (1917) (in the administration of legal liens, equity follows the law and gives them rank according to their legal priorities; the two-fund doctrine will not be allowed to defeat the equities of third persons over whom the party invoking it has no superior equities). Marshaling is generally governed by reference to state law because it is concerned with the competing property interests of liens. *In Re Ludwig Honold Manufacturing Co.,* 33 B.R. 724 (Bkrtcy.E.D.Pa.1983); *In Re Craner,* 110 B.R. 111 (Bkrtcy. N.D.N.Y.1988). The trustee has the burden of showing that he is entitled to a marshaling of assets because he, on behalf of unsecured creditors, will benefit therefrom. *In Re United Retail Corp., supra.*

Assuming, without deciding, that the Trustee can use § 544 to force marshaling, it must be concluded in this case that marshaling is not appropriate or available. The Trustee has not shown that marshaling can be accomplished equitably as to *all parties.* The Trustee candidly admitted to the Court that the marshaling proposed herein would be detrimental to SCN by decreasing its security collateral and prejudicing its ability to recover its claim in full. *In Re Larry's Equipment Service, Inc., supra.* Therefore, marshaling assets in this case would allow the Trustee to defeat the equity and priority of SCN, over whom the Trustee has no superior equity or priority. *Farmers' & Merchants' Bank v. Holliday, supra.*

### ORDER

For the reasons set forth above, it is ORDERED, ADJUDGED and DECREED that the doctrine of marshaling is unavailable to the Trustee. The Bank of New York is authorized to release the debtor's cash receivables to the Plaintiff. The debtor's real property having previously been abandoned by the Trustee, the Plaintiff and Defendant SCN may proceed with available state court foreclosure remedies.

IT IS SO ORDERED.